UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.         - Civ

JOHN FABICK TRACTOR COMPANY, a
Missouri for-profit corporation,

    Plaintiff,

v.

PRIVATE JET PILOTS, LLC, a
Florida limited liability company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOHN FABICK TRACTOR COMPANY ("**Fabick CAT**" or "**Plaintiff**"), by and through undersigned counsel, hereby sues Defendant, PRIVATE JET PILOTS, LLC ("**PJP**" or "**Defendant**"), and in support thereof states as follows:

## JURISDICTION, VENUE & PARTIES

1. This is an action for the recovery of possession of Plaintiff's personal property and for damages exceeding $75,000.00, exclusive of interest, attorneys' fees and costs, stemming from Defendant's conversion, civil theft, and other wrongful actions.

2. This action is therefore within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

3. There is also complete diversity of citizenship among the parties as required under 28 U.S.C. § 1332(a)(1).

4. Plaintiff Fabick CAT is a citizen of Missouri. Fabick CAT is a for-profit corporation from the state of Missouri, formed under and pursuant to Missouri law. Fabick CAT is registered in Missouri and maintains its principal place of business there.

5. Defendant PJP is a citizen of Florida. PJP is Florida limited liability company, incorporated under the laws of Florida, and registered in Florida with its principal place of business located at 7094 Skyline Drive, Delray Beach, Florida 33446. Upon reason and belief, PJP's member(s) are citizens of the State of Florida and include Jeff Coursey.

6. Venue in the instant action is based upon complete diversity among the parties and pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. The Fabick family has been involved in the business of selling construction and agricultural equipment since 1917. In 1982, Joseph Fabick, Sr., acquired two pre-existing Caterpillar ("**CAT**") dealerships serving Wisconsin and the Upper Peninsula of Michigan, which were ultimately merged to become FABCO Equipment, Inc. ("**FABCO**").

8. On or about July 1, 2015, FABCO merged with John Fabick Tractor Company to create one of the nation's largest and most dynamic Caterpillar dealerships. Now, "**Fabick CAT**" operates thirty-seven locations throughout major portions of Missouri, Illinois, the entire state of Wisconsin, and the Upper Peninsula of Michigan.

9. JFTCO, Inc. – a subsidiary of Fabick CAT – is the registered owner of a 1994 Jetstream Aircraft Limited airplane (Tail No. N602JF) (the "**Jetstream Aircraft**"), which is at issue in the instant case. JFTCO, Inc.'s Aircraft Bill of Sale is attached hereto as *Exhibit "A."*

10. The Jetstream Aircraft was often used by Fabick CAT personnel in the operation of its business.

11. Although Fabick CAT's CEO, Mr. Doug Fabick ("**DF**"), was removed as chairman and CEO of the company on or about January 27, 2022, DF retained the services of PJP to provide DF with the use of a Gulfstream aircraft (Tail No. N194MF) (the "**DF Aircraft**") and flight

training for pilots of a Falcon 7X that DF sought to purchase through Fabick Aircraft LLC (the "**Falcon**").

12. The DF Aircraft was leased by Fabick Aircraft Co. LLC a/k/a Fabick Aviation, a limited liability company owned by DF and not affiliated with Fabick CAT ("**Fabick Aircraft Co. LLC**"). Upon information and belief, Fabick Aircraft Co. LLC was occasionally informally referred to as "**Fabick Aviation**" by Defendant.

13. As of the date of this filing, Defendant is in actual or constructive possession of materials belonging to Plaintiff, which include but are not limited to logbooks and tires associated with Plaintiff's Jetstream Aircraft ("**Fabick CAT's Property**"), and not the DF Aircraft.

14. Upon information and belief, Defendant is holding Fabick CAT's Property hostage seeking to leverage Fabick CAT into satisfying invoices that Defendant claims are purportedly due by Plaintiff.

15. However, the invoices relate to purported services performed on behalf of DF and Fabick Aircraft Co. LLC in connection with the DF Aircraft or the Falcon. The services provided by PJP in relation to the DF Aircraft or the Falcon are unrelated to the Jetstream Aircraft. *See* PJP's Invoices attached hereto as *Composite Exhibit "B."*

16. Moreover, upon information and belief, at least one invoice issued by PJP was initially directed to "Fabick Aviation" but was subsequently improperly altered by Defendant in an attempt to implicate "John Fabick Tractor." *Id.*

17. After investigation to date, including but not limited to searches of Official Records in applicable Florida counties, investigation directly with the U.S. Federal Aviation Administration ("**FAA**"), and inquiries to PJP's representatives, Plaintiff has not identified any lien or other encumbrance against the Jetstream Aircraft that would entitle Defendant to withhold Fabick

CAT's Property.

18.     Based on the foregoing, Plaintiff seeks return of Fabick CAT's Property from Defendant as applicable Florida law does not provide Defendant with a valid basis for "cross-collateralization" for services allegedly provided by Defendant in connection with an entirely different aircraft for the benefit of DF and Fabick Aviation LLC, not Fabick CAT.

19.     As such, Fabick CAT's Property, which is identifiable and undeniably related to the Plaintiff's Jetstream Aircraft, is being wrongfully detained by Defendant despite Plaintiff's demands for the return of same.

20.     Plaintiff has satisfied all conditions precedent to the filing of this action, or all conditions precedent have otherwise been excused, waived, or have occurred.

21.     As a result of Defendant's wrongful actions, Plaintiff was required to retain the undersigned at a reasonable fee, and accordingly demands recovery of its reasonable attorneys' fees and costs in accordance with applicable law, as set forth more fully below.

## **COUNT I: REPLEVIN**

22.     Plaintiff incorporates the General Allegations of paragraphs seven (7) through twenty-one (21) as if fully set forth herein.

23.      Pursuant to Chapter 78, Florida Statutes, Plaintiff has the right to recover Fabick CAT's Property, which has been wrongfully detained by Defendant, through a writ of replevin.

24.      As set forth more fully in the General Allegations provided herein, Defendant wrongfully detained Fabick CAT's Property, which rightfully belongs to Plaintiff.

25.     Defendant does not own property rights to Fabick CAT's Property, is not entitled to possession of Fabick CAT's Property, and has no other rights in connection with Fabick CAT's Property.

26. To the best of Plaintiff's knowledge, information, and belief, Fabick CAT's Property subject to replevin is in Defendant's actual possession at 7094 Skyline Drive, Delray Beach, Florida 33446 or a nearby storage facility, or Defendant otherwise has constructive possession of Fabick CAT's Property such that it may deliver possession of it if it so desires.

27. As such, Fabick CAT's Property is within the state of Florida and is subject to jurisdiction of this Court.

28. The Jetstream aircraft is inoperable without possession of at least the logbooks being held by Defendant. As such, Defendant is engaging in conduct that places the Jetstream aircraft in danger of waste, and that places Fabick CAT's Property in danger of destruction, concealment, or removal from the jurisdiction of this Court, since to date Defendant has refused to disclose the location or whereabouts of Fabick CAT's Property despite demand.

29. To the best of Plaintiff's knowledge, information, and belief, an aircraft is inoperable and non-transferable without its logbooks since missing logbooks can render an aircraft not airworthy under applicable federal regulations. Accordingly, the approximate value of Fabick CAT's Property is $1,505,000.00.

30. Multiple demands for return of Fabick CAT's Property were made to PJP or its agents, the latest occurring on October 5, 2022, and as of the date of this filing, PJP has refused or otherwise failed to return Fabick CAT's Property.

31. Fabick CAT's Property has not been taken for a tax, assessment, or fine pursuant to law, or pursuant to an execution or attachment against Plaintiff.

**WHEREFORE**, Plaintiff, John Fabick Tractor Company, respectfully requests this Court issue a Writ of Replevin against Defendant, Private Jet Pilots, LLC, require the return to Plaintiff of Fabick CAT's Property, and award damages to Plaintiff for the wrongful detention of

Fabick CAT's Property, including the damages caused by PJP's taking and detention of Fabick CAT's Property, along with costs, and any other such relief this Court deems necessary, just, and proper.

## COUNT II: CONVERSION

32. Plaintiff incorporates the General Allegations of paragraphs seven (7) through twenty-one (21) as if fully set forth herein.

33. Plaintiff is the rightful owner of the converted Fabick CAT's Property, which is clearly designated, identifiable, and associated with the Jetstream Aircraft.

34. Since no lien or encumbrance has been sought or perfected by Defendant, Defendant has no right to possession of Fabick CAT's Property, Plaintiff has an immediate right to possession of Fabick CAT's Property, and Defendant has an obligation to keep intact and/or deliver the converted Fabick CAT's Property to Plaintiff.

35. Defendant exercised multiple and repeated positive, overt acts of dominion or authority over Fabick CAT's Property, which is inconsistent with and adverse to the rights of Plaintiff as the true owner.

36. Plaintiff demanded Defendant cease its activities and return Fabick CAT's Property to Plaintiff.

37. However, Defendant refused or otherwise failed to cease and desist or return Fabick CAT's Property to Plaintiff.

38. Plaintiff has suffered damages as a direct result of Defendant's conversion of Fabick CAT's Property.

**WHEREFORE**, Plaintiff, John Fabick Tractor Company, respectfully requests the Court enter judgment against Defendant for conversion, including any and all damages together with all

interest, costs and expenses, and other damages allowable by law and found to be just, lawful, and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true and accurate to the best of my knowledge and belief.

Barry Klinckhardt, Esq.,
as General Counsel of John Fabick Tractor Company

DATED this 30th day of November 2022.

Respectfully submitted,

**THE MARKARIAN GROUP**
*Attorneys for Plaintiff*
*John Fabick Tractor Company*
2925 PGA Blvd., Suite 204
Palm Beach Gardens, Florida 33410
**Telephone**: (561) 626-4700
**Facsimile**: (561) 627-9479

By: */s/ David K. Markarian*
David K. Markarian
Florida Bar No. 480691
dave@forbusinessandlife.com
Jessica R. Glickman
Florida Bar No. 118586
jessica@forbusinessandlife.com
David R. Glickman
Florida Bar No. 118685
davidg@forbusinessandlife.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served by electronically via CM/ECF on November 30th, 2022 on all counsel or parties of record on the Service List below.

By: <u>/s/ David K. Markarian</u>

**SERVICE LIST**

David K. Markarian, Esq.
dave@forbusinessandlife.com
The Markarian Group
2925 PGA Blvd., Suite 204
Palm Beach Gardens, FL 33410
Telephone: (561) 626-4700
Facsimile: (561) 627-9479
Attorneys for Plaintiff
John Fabick Tractor Company